# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4102

_____

| | | |
|---|---|---|
| Missouri Friends of the Wabash Trace Nature Trail, Inc., | * * * | |
| Petitioner, | * * | |
| v. | * * * | Petition for Review of an Order of the Surface Transportation Board. |
| Surface Transportation Board; Adjoining Landowners; United States of America, | * * * | [UNPUBLISHED] |
| Respondents, | * * | |
| Norfolk Southern Railway Company, | * * | |
| Respondent-Intervenor on Appeal. | * * | |

_____

Submitted: October 3, 2000
Filed: October 11, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

The Missouri Friends of the Wabash Trace Nature Trail, Inc. (Friends) petitioned the Surface Transportation Board (Board) for a declaratory judgment concerning the status of a 28.72 mile right-of-way previously owned by Wabash Railroad Company

and used to provide rail service. After the Board denied the petition, Friends sought review in this court. Upon a thorough review of the record, we conclude that the Board did not abuse its discretion in denying the petition. See Nebraska Trails Council v. Surface Transp. Bd., 120 F.3d 901, 905 (8th Cir. 1997) (standard of review).

Specifically, the record shows that the rail line was properly abandoned in 1984 when the railroad exercised its abandonment authority in accordance with a previously issued agency certificate granting permission to abandon. At that point, the Board lost jurisdiction over the line and thus was without jurisdiction to afford Friends the requested relief in its petition, filed years later. See 49 U.S.C. § 10903(d) (rail carrier may abandon any part of its lines if Board finds present or future public convenience and necessity require or permit abandonment); Preseault v. ICC, 494 U.S. 1, 5 n.3 (1990) (once carrier abandons rail line pursuant to ICC[1] authority, line is no longer part of national transportation system, and ICC jurisdiction terminates); Winter v. ICC, 828 F.2d 1320, 1323 (8th Cir. 1987) (abandoned rail line is no longer subject to ICC jurisdiction; intent to abandon line was clear where railroad had filed abandonment application and followed ICC's formal abandonment requirements).

We reject Friends' argument that the railroad's lease of the property to a third party, who temporarily provided rail service over the abandoned line, revoked the agency's previously granted authority to abandon. See Wisconsin Cent. Ltd. v. Surface Transp. Bd., 112 F.3d 881, 892 (7th Cir. 1997) (lease of properly abandoned line to third party who wishes to provide service does not subject owner or property to ICC regulatory power, unless owner takes some affirmative action beyond mere lease of line to indicate its willingness and ability to provide service in lessee's stead).

---

[1]The ICC (Interstate Commerce Commission) was abolished on January 1, 1996, and the Board assumed responsibility for regulating rail transportation. See Nebraska Trails Council, 120 F.3d at 903 n.2.

Accordingly, we deny Friends' petition for review.

A true copy.

      Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.